Buford, J.
 

 The petitioner is here in response to a writ of
 
 habeas corpus
 
 based upon a petition wherein it is al
 
 *1051
 
 leged that petitioner is unlawfully imprisoned and detained by the Honorable J. A. Johnson as Sheriff of Polk County, Florida.
 

 The petition and the return thereto show that petitioner is in custody of the sheriff under and by virtue of a
 
 capias
 
 issued out of the Criminal Court of Record of Polk County based on an information wherein it is charged that the petitioner on the 8th day of September, 1929, in the State of Florida and County of Polk, “did wilfully and maliciously set fire to and burn a public building, to-wit: a public school building located on Block two in Tier 8 of the Town of Highlands City, Florida, formerly Haskell, Florida, according to the map or plat of the Town of Haskell, Florida, as the same appeal’s of record in Plat Book 1 at page 5A of the public records of Polk County, Florida. ” ■
 

 '
 
 The contention is that the information is based upon section 2 of chapter 11812, Acts of 1927, and that section 2 of this Act is not germane to the title and, therefore, under the provisions of section 16 of Article III of the Constitution, the section is inoperative and void. It will be. observed by reference to chapter 11812,
 
 supra,
 
 that the title is as follows:
 

 “AN ACT to Define and Punish Arson, and to Repeal Sections 5106, 5107, 5109, 5110, 5111 and 5114 of the Revised General Statutes of the State of Florida, Relating Thereto.”
 

 After the enacting clause, section 1 is as follows:
 

 “Section 1. ARSON: PUNISHMENT: That any person who wilfully or maliciously sets fire to or burns or causes to be burned or who aids, counsels or procures the burning of any dwelling house; or any kitchen, shop, barn, stable or other outhouse that is
 
 *1052
 
 parcel thereof, or belonging to or adjoining thereto, the property of himself or of another, shall be guilty of Arson, and upon conviction thereof, be sentenced to the Penitentiary not more than twenty years.”
 

 Arson is not mentioned anywhere else in the entire Act. Neither of the offenses denounced by sections 2, 3, 4 or 5 constituted arson under the common law definition of this offense and there has never been any legislative enactment in this State defining either of those crimes as Arson.
 

 It, therefore, follows that' the Act must be held to be repugnant to the provisions of Sec. 16 Article III of our Constitution in that it does not embrace but one subject and matter properly connected therewith.
 

 Sec. 6 of the Act attempts to repeal Sec. 5106 Rev. Gen. Stats., which may be construed to be properly connected with the subject of arson but it goes further and attempts to repeal Sections 5107, 5108, 5109, 5110, 5111 and 5114 Rev. Gen. Stats., and these latter sections deal with crimes which have never been legislatively or otherwise declared t'o be Arson in this State. Indeed, it is doubtful whether or not a positive legislative declaration could transpose the acts denounced by section 5110 Rev. Gen. Stats., into the crime of Arson.
 

 If the legislature could by its enactment' transpose the offense of burning grass in the woods or the burning of a fallen log or the burning of a stick of wood, if committed wilfully and maliciously, into Arson, then by the same token it could by legislative enactment transpose the offense of killing a squirrel out of season into the crime of murder.
 

 It will be observed, however, that there was no attempt on the part of the legislature to convert the Acts denounced by section 5110 into the crime of Arson by the provisions of Sec. 3 of the Act hereunder consideration as
 
 *1053
 
 it dicl not define the acts denounced in that' section as Arson.
 

 It is, therefore, clear to us that both the Act and the title dealt with more than one subject and that the several subjects dealt with were not so properly connected as to conform to the constitutional provision above referred to, and for this reason the entire Act must fall.
 

 Having determined that the Act under which it appears that the petitioner is held in custody is inoperative, we must then determine whether or not the information sufficiently charges any offense under the laws of the State of Florida as to stand against an attack by
 
 habeas corpus
 
 proceedings.
 

 An Information or Indictment which would be held bad and insufficient when attacked by a motion to quash may not necessarily be so defective as to warrant the discharge of the accused thereunder on a writ of
 
 habeas corpus.
 
 See J. A. Johnson as sheriff, v. State ex rel., Latt Maxcy, wherein the opinion was written by Mr. Justice Ellis and filed at this term of the Court, and authorities there cited.
 

 Sections 5107 and 5108 make it unlawful to wilfully and maliciously burn any meeting house, church, court house, town house, college, academy, jail or other building erected for public use. Section 5107 prescribes punishment for such burning in the night time, while section 5108 prescribes punishment for such burning in the day time. The gravamen of the offense, however, is the “wilfully and maliciously” burning of such building. The Information in this case charges that Norman A. Winn did wilfully and malieiosly set fire to and burn a public building, to-wit: a public school building. The Information sufficiently describes the building but is defective in that it does not allege whether the building was so burned in the night time or in the day time and a very technical
 
 *1054
 
 construction might require tha4 the Information allege that the building was
 
 erected
 
 for
 
 public- use.
 
 These infirmities, however, are not of such a character as to warrant the Court in the entering of a judgment discharging the petitioner although it is apparent that the Information must fall before a motion' to quash.
 

 For the reasons stated, the petitioner should be remanded to the custody of the Sheriff and it is so ordered.
 

 Ellis, J., concurs.
 

 Terrell, C. J., and Strum and Brown, J. J., concur in the conclusion.
 

 Whitfield, J., concurs in the order remanding the petitioner.